UNITED STATES of America,
Plaintiff–Appellee,

v.

James Arthur MAVROMATIS,
Defendant–Appellant.

No. 14–30115.

United States Court of Appeals,
Ninth Circuit.

Submitted to Motions Panel
Oct. 27, 2014.*

Filed Oct. 28, 2014.

Rich Curtner and Noa Oren, Office of the Federal Public Defender, Anchorage, AK, for Defendant-Appellant.

Jo Ann Farrington, Assistant United States Attorney, Karen L. Loeffler, United States Attorney, Anchorage, AK, for Plaintiff-Appellee.

Before: O'SCANNLAIN, BERZON, and BYBEE, Circuit Judges.

### ORDER

Appellant James Mavromatis was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Following a bench trial, the district court entered a judgment of acquittal. Based on the same incident of possession, Mavromatis was charged in a new indictment and convicted of possessing a firearm after previously being committed to a mental institution, in violation of 18 U.S.C. § 922(g)(4).

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Appellee, the government, has filed a "motion for remand based on confession of error," because it agrees that Mavromatis's conviction pursuant to 18 U.S.C. § 922(g)(4) is barred by the Double Jeopardy Clause. The view of the Department of Justice is that Congress intended not to establish multiple offenses when the same incident of possession violates two subsections of § 922(g). The government further concedes that the Department of Justice took this position in a brief filed with the Supreme Court in 1992, when the Solicitor General agreed that § 922(g) states a single offense that supports a single conviction and sentence, rather than multiple offenses that may be charged separately. *See United States v. Munoz–Romo*, 989 F.2d 757, 758–759 (5th Cir.1993) (summarizing the Solicitor General's position before the Supreme Court).

Accordingly, the government's motion for remand is granted.

We remand this case to the district court with instructions to vacate the conviction and dismiss the indictment.

The mandate shall issue forthwith.

**REMANDED.**